**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

NATIONAL FAMILY PLANNING AND REPRODUCTIVE HEALTH ASSOCIATION; and PUBLIC HEALTH SOLUTIONS,

Plaintiffs,

v.

ALEX M. AZAR II, in his official capacity as Secretary of the U.S. Department of Health and Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ROGER SEVERINO, in his official capacity as Director of the Office for Civil Rights of the U.S. Department of Health and Human Services; and OFFICE FOR CIVIL RIGHTS of the U.S. Department of Health and Human Services,

Defendants.

Civil Action No. 19-cv-05435

**UNOPPOSED MOTION FOR CONSOLIDATION, AND FOR LEAVE TO FILE JOINT MEMORANDUM OF LAW, IN EXCESS OF PAGE LIMIT, IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs National Family Planning and Reproductive Health Association ("NFPRHA") and Public Health Solutions ("PHS") respectfully move pursuant to Fed. R. Civ. P. 42 for consolidation with *New York v. U.S. Dep't of Health & Human Servs.*, No. 1:19-cv-04676-PAE (S.D.N.Y. filed May 21, 2019) (the "NY Action"), for scheduling and other pretrial purposes.[1] Plaintiffs further request that that the Court grant leave for Plaintiffs to file a joint memorandum of law in support of their Motion for Preliminary Injunction with the plaintiffs in *Planned Parenthood Federation of America, Inc. v. Azar*, No. 19-cv-5433 (S.D.N.Y. filed June 11, 2019) (the "PPFA Action"), who are also seeking consolidation

[1] Plaintiffs have also filed a related case statement seeking to have the above-captioned case related to the NY Action. The case has been referred as possibly related. Counsel for plaintiffs in the NY Action have agreed to accept service of this motion via email to counsel. Without waiving any objections as to the adequacy and timing of service of process, for purposes of this motion only, counsel for Defendants agreed to accept service of this motion via email to counsel.

with the NY Action. Finally, Plaintiffs request an extension of the page limit for their opening memorandum of law in support of their forthcoming Motion for Preliminary Injunction. Counsel for Plaintiffs have conferred with counsel for Defendants, as well as the counsel for plaintiffs in the NY Action and the PPFA Action, and all have consented to these requests.[2]

Request for Consolidation. Consolidation of the above-captioned action with the NY Action is appropriate because they concern similar events, have substantial factual overlap, require resolutions of the same legal issues, and will involve overlapping expenditures of the Court's time and resources. Rule 42(a)(2) provides that "[if] actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). Where there are common factual or legal questions, consolidation should be granted in order to "expedite trial and eliminate unnecessary repetition and confusion." *Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (internal quotation omitted); *see also Taylor v. Barnes & Noble, Inc.*, No. 14-cv-108, 2014 WL 12769396, at *3 (S.D.N.Y. July 16, 2014) (granting consolidation motion where the matters "involve[s] common questions of law and fact").

Here, in both cases, the plaintiffs are challenging the same regulation, Protecting Statutory Conscience Rights in Health Care, 84 Fed. Reg. 23,170 (May 21, 2019), promulgated by the U.S. Department of Health and Human Services, a defendant in both cases. Both sets of plaintiffs are challenging this rule under the Administrative Procedure Act ("APA") as arbitrary and capricious, contrary to law, and contrary to the U.S.

[2] Counsel for plaintiffs in the NY Action consent to consolidation subject to the Court's retention of existing deadlines for briefing and argument.

Constitution. Both cases involve largely the same facts—and in particular the identical administrative record for the challenged rule. Additionally, both sets of plaintiffs are requesting that the Court set aside the rule as unlawful under the APA, and therefore these cases could result in conflicting orders to HHS if they are not consolidated.

As noted above, a third case—the PPFA Action—challenging the same rule was filed in the Southern District of New York on June 11, 2019. Plaintiffs are aware that the PPFA Action Plaintiffs are also filing a motion to consolidate with the NY Action. Plaintiffs believe that consolidation of all three matters would further promote the interests of judicial economy and efficiency. In addition, Plaintiffs respectfully request the same briefing schedule this Court previously set in the NY Action in connection with the anticipated preliminary injunction motion in that case.[3]

If consolidated, counsel for plaintiffs in the NY Action, the above-captioned action, and the PPFA Action would propose, as a general matter, to continue to make separate appearances for their clients and file separate substantive briefs, as appropriate. Nevertheless, scheduling and other procedural matters could occur jointly for all cases, and while the reserving the option to file separately, Plaintiffs anticipate that, if consolidated, they would be able to file joint substantive briefs with the PPFA Action Plaintiffs in most instances and, as detailed below, would propose to do so for purposes of the preliminary injunction.

<u>Request for Joint Memorandum</u>. Plaintiffs also seek the Court's permission to file a Joint Motion for Preliminary Injunction with the PPFA Action Plaintiffs to seek provisional

[3] On June 7, 2019, this Court issued an order setting the following schedule for briefing and argument of the NY Action plaintiffs' preliminary injunction motion: opening brief (55 pages) due by June 14, 2019; opposition brief (55 pages) due by June 28, 2019; reply brief (25 pages) due by July 5, 2019; hearing at 2 pm on July 12, 2019. Order, NY Action (June 7, 2019), ECF No. 27.

relief in advance of the rule's July 22, 2019 effective date. Plaintiffs believe that a joint filing with the PPFA Action Plaintiffs will also promote judicial economy efficiency, as a number of issues arising from the challenged rule as relating to the physician members of both sets of plaintiffs are similar.

Request for extension of page limit. Finally, Plaintiffs respectfully request an extension of the page limits for the briefs for their forthcoming (joint, with the PPFA Action Plaintiffs) Motion for Preliminary Injunction. Rule 3(C) of the Court's Individual Rules and Practices provides for a limit of 25 pages for Plaintiffs' opening memorandum, absent prior permission. Because of the complexity of the rule at issue, the number of claims for relief, and the complex factual and legal context for Plaintiffs' challenges, Plaintiffs request the Court's leave to file briefs of the same length as the Court has permitted in the NY Action: opening (joint) memorandum of up to 55 pages, any opposition of up to 55 pages, and any (joint) reply of up to 25 pages.

For the reasons set forth above, Plaintiffs respectively request that the above-captioned action be consolidated with the NY Action for scheduling and other pretrial purposes, and that the Court grant Plaintiffs leave to file a joint memorandum of law of up to 55 pages with the PPFA Action Plaintiffs in support of their forthcoming Motion for Preliminary Injunction, and any joint reply of up to 25 pages.

Dated: June 12, 2019

Respectfully submitted,

*/s/Alexa Kolbi-Molinas*

Alexa Kolbi-Molinas
Lindsey Kaley*
Elizabeth Deutsch*
Brigitte Amiri
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2633

Fax: (212) 549-2652
akolbi-molinas@aclu.org
lkaley@aclu.org
edeutsch@aclu.org
bamiri@aclu.org

Elizabeth O. Gill**
American Civil Liberties Union Foundation of Northern California, Inc.
39 Drumm Street
San Francisco, CA 94111
Phone: (415) 621-2493
Fax: (415) 255-8437
egill@aclunc.org

Daniel Mach**
American Civil Liberties Union Foundation
915 15th Street NW
Washington, DC 20005
Phone: (202) 675-2330
Fax: (202) 546-0738
dmach@aclu.org

Christopher Dunn
Erin Beth Harrist
Donna Lieberman
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, NY 10004
Phone: (212) 607-2298
cdunn@nyclu.org
eharrist@nyclu.org
dlieberman@nyclu.org

*Attorneys for Plaintiffs*

* Application for admission forthcoming
****Pro hac vice** motion forthcoming

**CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the foregoing was served on Defendants by email to counsel, Bradley Humphreys, bradley.humphreys@usdoj.gov, and on Plaintiffs in the NY Action by email to counsel, Matthew Colangelo, Matthew.Colangelo@ag.ny.gov.

June 12, 2019

*/s/ Alexa Kolbi-Molinas*
Alexa Kolbi-Molinas