UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.; and PLANNED PARENTHOOD OF NORTHERN NEW ENGLAND, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALEX M. AZAR II, in his official capacity as Secretary, United States Department of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; ROGER SEVERINO, in his official capacity as Director, Office for Civil Rights, United States Department of Health and Human Services; and OFFICE FOR CIVIL RIGHTS, United States Department of Health and Human Services, <br><br> Defendants. | Civil Action No. 19-cv-05433 <br><br><br> **UNOPPOSED MOTION FOR CONSOLIDATION, AND FOR LEAVE TO FILE JOINT MEMORANDUM OF LAW, IN EXCESS OF PAGE LIMIT, IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiffs Planned Parenthood Federation of America, Inc. and Planned Parenthood of Northern New England, Inc., respectfully move pursuant to Fed. R. Civ. P. 42 for consolidation with *New York v. U.S. Dep't of Health & Human Servs.*, No. 1:19-cv-04676-PAE (S.D.N.Y. filed May 21, 2019) (the "NY Action"), for scheduling and other pretrial purposes.[1] Plaintiffs further request that that the Court grant leave for Plaintiffs to file a joint memorandum of law in support of their Motion for Preliminary Injunction with the plaintiffs in *Nat'l Family Planning & Reproductive Health Ass'n ("NFPRHA") v. Azar*, No. 19-cv-5433 (S.D.N.Y. filed June 11, 2019) (the "NFPRHA Action"), who are also seeking consolidation with the

---

[1] Plaintiffs have also filed a related case statement seeking to have the above-captioned case related to the NY Action. That assignment is still pending. Counsel for plaintiffs in the NY Action have agreed to accept service of this motion via email to counsel. Without waiving any objections as to the adequacy and timing of service of process, for purposes of this motion only, counsel for Defendants agreed to accept service of this motion via email to counsel.

NY Action. Finally, Plaintiffs request an extension of the page limit for their opening memorandum of law in support of their forthcoming Motion for Preliminary Injunction. Counsel for Plaintiffs have conferred with counsel for Defendants, as well as the counsel for plaintiffs in the NY Action and the NFPRHA Action, and all have consented to these requests.[2]

Request for Consolidation. Consolidation of the above-captioned action with the NY Action is appropriate because they concern similar events, have substantial factual overlap, require resolutions of the same legal issues, and will involve overlapping expenditures of the Court's time and resources. Rule 42(a)(2) provides that "[if] actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). Where there are common factual or legal questions, consolidation should be granted in order to "expedite trial and eliminate unnecessary repetition and confusion." *Devlin v. Transp. Commc'n Int'l Union,* 175 F.3d 121, 130 (2d Cir. 1999) (quotation omitted); *see also Taylor v. Barnes & Noble, Inc.,* No. 14-cv-108, 2014 WL 12769396, at *3 (S.D.N.Y. July 16, 2014) (granting consolidation motion where the matters "involve[s] common questions of law and fact").

Here, in both cases, the plaintiffs are challenging the same regulation, Protecting Statutory Conscience Rights in Health Care, 84 Fed. Reg. 23,170 (May 21, 2019), promulgated by the U.S. Department of Health and Human Services, a defendant in both cases. Both sets of plaintiffs are challenging this rule under the Administrative Procedure Act ("APA") as arbitrary and capricious, contrary to law, and contrary to the U.S. Constitution.

---

[2] Counsel for plaintiffs in the NY Action consent to consolidation subject to the Court's retention of existing deadlines for briefing and argument.

Both cases involve largely the same facts—and in particular the identical administrative record for the challenged rule. Additionally, both sets of plaintiffs are requesting that the Court set aside the rule as unlawful under the APA, and therefore these cases could result in conflicting orders to HHS if they are not consolidated.

As noted above, a third case—the NFPRHA Action—challenging the same rule was filed in the Southern District of New York on June 11, 2019. Plaintiffs are aware that the *NFPRHA* Plaintiffs are also filing a motion to consolidate with the NY Action. Plaintiffs believe that consolidation of all three matters would further promote the interests of judicial economy and efficiency. In addition, Plaintiffs respectfully request the same briefing schedule this Court previously set in the NY Action in connection with the anticipated preliminary injunction motion in that case.[3]

If consolidated, counsel for plaintiffs in the NY Action, the above-captioned action, and the NFPRHA Action would propose, as a general matter, to continue to make separate appearances for their clients and file separate substantive briefs, as appropriate. Nevertheless, scheduling and other procedural matters could occur jointly for all cases, and while the reserving the option to file separately, Plaintiffs anticipate that, if consolidated, they would be able to file joint substantive briefs with the *NFPRHA* Plaintiffs in most instances and, as detailed below, would propose to do so for purposes of the preliminary injunction.

Request for Joint Memorandum. Plaintiffs also seek the Court's permission to file a Joint Motion for Preliminary Injunction with the *NFPRHA* Plaintiffs to seek provisional relief in advance of the rule's July 22, 2019 effective date. Plaintiffs believe that a joint filing with

---

[3] On June 7, 2019, this Court issued an order setting the following schedule for briefing and argument of the NY Action plaintiffs' preliminary injunction motion: opening brief (55 pages) due by June 14, 2019; opposition brief (55 pages) due by June 28, 2019; reply brief (25 pages) due by July 5, 2019; hearing at 2 pm on July 12, 2019. Order, NY Action (June 7, 2019), ECF No. 27.

the *NFPRHA* Plaintiffs will also promote judicial economy efficiency, as a number of issues arising from the challenged rule as relating to the physician members of both sets of plaintiffs are similar.

<u>Request for extension of page limit.</u>   Finally, Plaintiffs respectfully request an extension of the page limits for the briefs for their forthcoming (joint, with the *NFPRHA* Plaintiffs) Motion for Preliminary Injunction. Rule 3(C) of the Court's Individual Rules and Practices provides for a limit of 25 pages for Plaintiffs' opening memorandum, absent prior permission. Because of the complexity of the rule at issue, the number of claims for relief, and the complex factual and legal context for Plaintiffs' challenges, Plaintiffs request the Court's leave to file briefs of the same length as the Court has permitted in the NY Action: opening (joint) memorandum of up to 55 pages, any opposition of up to 55 pages, and any (joint) reply of up to 25 pages.

For the reasons set forth above, Plaintiffs respectively request that the above-captioned action be consolidated with the NY Action for scheduling and other pretrial purposes, and that the Court grant Plaintiffs leave to file a joint memorandum of law of up to 55 pages with the *NFPRHA* Plaintiffs in support of their forthcoming Motion for Preliminary Injunction, and any joint reply of up to 25 pages.

Dated: June 12, 2019

Respectfully submitted,

Diana Salgado*
Planned Parenthood Federation of America, Inc.
1110 Vermont Ave., NW Ste. 300
Washington, D.C. 20005
Tel.: (202) 973-4800

/s/ *Sarah Mac Dougall*
Sarah Mac Dougall
Cristina Alvarez*
Covington & Burling LLP
620 Eighth Avenue
New York, NY 10018-1405

<div style="columns:2">

Fax: (202) 296-3480
diana.salgado@ppfa.org

Hana Bajramovic
Planned Parenthood Federation of America, Inc.
123 William St., 9th Floor
New York, NY 10038
Tel.: (212) 541-7800
Fax: (212) 247-6811
hana.bajramovic@ppfa.org

Michelle Banker
Sunu Chandy
National Women's Law Center
11 Dupont Circle, NW #800
Washington DC 20036
Tel: (202) 588-5180
Fax: (202) 588-5185
mbanker@nwlc.org
schandy@nwlc.org

Adam Grogg*
Robin F. Thurston*
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
agrogg@democracyforward.org
rthurston@democracyforward.org

*Counsel for Plaintiffs*

Tel: (212) 841-1000
Fax: (212) 841-1010
smacdougall@cov.com
calvarez@cov.com

Kurt G. Calia*
Marina Dalia-Hunt*
Covington & Burling LLP
3000 El Camino Real, 5 Palo Alto Square
Palo Alto, CA 94306-2112
Tel: (650) 632-4717
Fax: (650) 632-4800
kcalia@cov.com
mdaliahunt@cov.com

Ryan Weinstein*
Paulina Slagter*
Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Tel: (424) 332-4800
Fax: (424) 332-4749
rweinstein@cov.com
pslagter@cov.com

*Counsel for Plaintiffs*

</div>

\* Motion to appear *pro hac vice* forthcoming.

The Court approves plaintiffs' request to file a joint memorandum of law in support of their motion for a preliminary injunction, and the request for extended page limits, upon the plaintiffs' representation that they will conform to the schedule set by the Court. Dkt. 16. The Court will address the motion to consolidate early next week.

SO ORDERED.      *Paul A. Engelmayer*      6/14/19

PAUL A. ENGELMAYER
United States District Judge